UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DAVID RINCON,
Plaintiff,
v.
GENERAL MOTORS LLC, et al,
Defendants.

Case No. 2:25-cv-06989-SRM-MBK

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]**

Before the Court is David Rincon's ("Plaintiff Rincon") Motion for Remand ("Motion"). Dkt. 14. Defendant General Motors LLC ("Defendant GM") filed an opposition. Dkt. 13. Plaintiff filed a reply. Dkt. 14. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons below, the Motion is **DENIED**. Dkt. 14.

## I. BACKGROUND

Plaintiff Rincon filed the underlying Complaint in Los Angeles County Superior Court alleging claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the Magnuson-Moss Warranty Act ("MMWA"), and breach of the implied warranty of merchantability. Dkt. 1-1 at 12–17.

On September 23, 2019, Plaintiff Rincon purchased a 2019 Chevrolet Silverado, VIN 3GCPWCED4KG231590 ("Chevrolet Silverado" or "vehicle"). Dkt. 1-1 at 12–13. The Chevrolet Silverado was classified as a new motor vehicle under California Civil Code section 1793.22(e)(2). Dkt. 1-1 at 13. Plaintiff purchased the vehicle with express warranties which stated that Defendant GM would repair any nonconformities developed during the warranty period. *Id.* At some point thereafter, Plaintiff Rincon's vehicle developed defects, including electrical system defects. *Id.* Plaintiff Rincon's Complaint alleges that Defendant GM, or its authorized service and repair facilities, failed to (1) repair the vehicle after having a reasonable number of opportunities to do so and (2) replace the vehicle or make restitution pursuant to Civil Code section 1793.2(d). *Id.* Plaintiff Rincon's Complaint does not allege a specific amount in damages. Dkt. 1-1.

On July 30, 2025, more than thirty days after Plaintiff served the Complaint on Defendant GM on March 6, 2025, Defendant GM removed the action to this Court pursuant to 28 U.S.C. § 1441. Defendant GM argued that removal was proper because Plaintiff is a citizen of California and thus is diverse from Defendant, a citizen of the state of Delaware, and the amount in controversy exceeded $75,000. 28 U.S.C. § 1332; Dkt. 1.

On August 22, 2025, Plaintiff Rincon filed this Motion arguing Defendant GM's removal was untimely and substantively improper. Dkt. 14. Plaintiff also requests an award of attorney's fees and costs in the amount of $2,745.00 against Defendants pursuant to 28 U.S.C §1447(c). *Id.* at 14. Defendant GM asserts that the Notice of Removal plausibly alleged diversity jurisdiction and that the thirty-day removal periods were not triggered because the Complaint is indeterminate as to Plaintiff Rincon's citizenship and the amount in controversy. Dkt. 16. Thereafter, Plaintiff Rincon filed a Reply in support of its Motion. Dkt. 17. The Reply asserts that (1) Defendant GM failed to file a timely opposition; (2) Plaintiff's June 23, 2025 statutory disclosures made the amount in controversy "unequivocally clear and certain;" and, (3) Defendant's Opposition fails to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See* Dkt. 17.

## II. LEGAL STANDARD

Federal courts have limited jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the complaint as originally filed by the plaintiffs. 28 U.S.C. § 1441. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

There are two types of subject matter jurisdiction: federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332. Federal district courts have original jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. *See id.* § 1331. This is known as federal question jurisdiction. *See id.* Under the well-pleaded complaint rule, federal question jurisdiction only exists when the face of a plaintiff's properly pleaded complaint raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (explaining that "federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."). MMWA claims trigger federal question jurisdiction only if the amount in controversy pleaded in the original well-pleaded complaint exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B).

Alternatively, a district court has diversity jurisdiction if the removing party shows that: (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003)). To calculate the amount in controversy for diversity jurisdiction "[i]f the buyer establishes that the failure to [reimburse or replace] was willful,

the judgment may include, in addition to the [actual damages], a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794.

Under 28 U.S.C. § 1446(b), there are "two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered if the complaint's removability is clear from the four corners of the "initial pleading." *Id.* The second thirty-day removal period is triggered if the initial pleading does not reveal a basis for removal, but the defendant thereafter receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

If neither the original pleading nor another paper reveals on its face that the action is removable, then neither thirty-day deadline is triggered, and the defendant may remove at any time. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). However, an action removed based on diversity jurisdiction must be removed within one year after commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

**III. DISCUSSION**

First, the Court considers whether the face of Plaintiff Rincon's Complaint establishes diversity jurisdiction. As stated above, to establish diversity jurisdiction the removing party must show that: (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff Rincon's Complaint alleges only that Plaintiff is a resident of Bloomington, California, but residence without a factual showing of intent to remain is not citizenship, so this allegation does not establish Plaintiffs' citizenship. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining that a person's citizenship is determined by domicile or the "permanent home" where (i) she resides, (ii) with the intention to remain or to which she intends to return); Dkt. 1-1 at 12. Plaintiff's failure to include in the Complaint their state domicile and thus their citizenship belies any argument that the face of the Complaint gave rise to diversity jurisdiction. *See Beaver v. Sedehi*, No. 24-2041-MLP, 2025 WL 2372916,

at *1 (W.D. Wash. Aug. 14, 2025) (citing *Lew v. Moss*, 797 F.2d 747, 740 (9th Cir. 1986). Next, the Complaint does not allege an amount in controversy or facts that make it obvious that the $75,000 threshold amount for diversity jurisdiction was satisfied. Dkt. 1-1 at 12–18. A removing defendant does not have to prove factual allegations establishing jurisdiction in support of its amount in controversy estimate unless challenged. *C.f. Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (where plaintiff presented only facial and not factual challenge to jurisdictional allegations, removing defendant did not have to present evidence to support them). The Court finds Defendant has presented "reasonable grounds" for the estimated damages. *See Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (defendant need only show "reasonable grounds" for estimated damages). Thus, diversity jurisdiction was not apparent from the face of the Complaint. *See* Dkt. 1-1.

Second, the Court considers whether the face of the Complaint established federal question jurisdiction. As noted, the Complaint does not establish any amount in controversy, so the MMWA $50,000 amount in controversy requirement was neither satisfied. *See* Dkt. 1-1. Thus, the Complaint did not establish federal question jurisdiction under the MMWA claim. 15 U.S.C. § 2310(d)(3)(B).

Finally, the Court turns to whether removal was timely. The removal periods are either triggered by a defendant's receipt of a complaint or another filing that makes the removability of the action clear. *Harris*, 425 F.3d at 693. Where grounds for removal emerge, a removing defendant can remove at any time if neither period is triggered by the face of the complaint or another filing that demonstrates removability. *Roth*, 720 F.3d at 1125 (9th Cir. 2013). However, the defendant is not required to investigate the allegations to determine removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.") (quoting *Harris*, 425 F.3d at 695). A complaint is "indeterminate" if the

jurisdictional elements are vague on the face of the complaint. *Kuxhausen*, 707 F.3d 1136 at 1139 (9th Cir. 2013).

Plaintiff Rincon's argument that removal was untimely fails because the four corners of the Complaint did not reveal diversity of citizenship between the parties and that the amount in controversy was at least $75,000. Dkt. 14, 1-1. The Complaint was indeterminate. *Kuxhausen*, 707 F.3d 1136 at 1139 (9th Cir. 2013). Thus, the first thirty-day removal period was not triggered. In addition, Plaintiff Rincon does not argue that the second thirty-day removal period was triggered by Defendant GM's receipt of another filing. Dkt. 14. Therefore, the Court need not address removal during the second removal period.

In his reply, Plaintiff Rincon argues that Defendant General Motors' estimate of the amount in controversy is unsupported. *See* Dkt. 17 at 6–8. In the Notice of Removal, Defendant GM estimated $26,795.92 in actual damages, after estimating the applicable offsets. *See* Dkt. 1 at 5. The estimated actual damages along with civil penalties up to two times actual damages under the Song-Beverly Act and attorney's fees plausibly exceeds the $75,000 amount in controversy threshold for diversity jurisdiction, and the $50,000 required for federal question jurisdiction over the MMWA claim. Cal. Civ. Code §§ 1793.2(c), 1794(d). Thus, Defendant removed based on its own estimate of the amount in controversy, so no thirty-day deadline was ever triggered. Dkt. 1. Defendant GM was free to remove at any time, and its removal was timely.

Plaintiff's arguments that this Court lacks subject matter jurisdiction fail and are inconsistent with their argument that jurisdiction was triggered by the face of their Complaint. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (explaining that leaving the window open for removal "forces plaintiffs to assume the costs associated with their own indeterminate pleadings"). Thus, Plaintiff Rincon is not entitled to remand because Defendant GM has demonstrated that diversity jurisdiction is proper and that removal was timely. *Compare* Dkt. 1 *with* Dkt. 14.

//

## IV. CONCLUSION

Accordingly, Plaintiff Rincon's Motion for Remand is **DENIED**. Dkt. 14. The Court finds that the Plaintiff is not entitled to fees under 28 U.S.C.A. § 1447.

**IT IS SO ORDERED.**

Dated: September 8, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE